UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

MICHAEL WAYNE LONG                                              PETITIONER

v.                                              CIVIL ACTION NO. 1:19-CV-P90-GNS

COMMONWEALTH OF KENTUCKY *et al.*                             RESPONDENTS

## MEMORANDUM OPINION

Petitioner Michael Wayne Long has filed a petition for a writ of mandamus pursuant to the All Writs Act, 28 U.S.C. § 1651.

In his petition, Plaintiff states that he was indicted in Logan Circuit Court in 1978 for robbery, burglary, and rape.[1] Plaintiff states that the "absence of a grand jury transcript at [] trial . . . prohibited him from defending himself" and "denied him the fundamental fairness of due process." He continues: "Without questi[on] the indictment . . . is falsity, false testimony to the grand jury, falsifying a record, the crime of making false entries or otherwise tampering with police records of evidence . . . ." As relief, Plaintiff asks the Court to quash the Logan Circuit Court indictment from 1978.

It is axiomatic that federal district courts are courts of limited jurisdiction. "As courts of limited jurisdiction, federal courts may exercise only those powers authorized by the Constitution and statute." *Fisher v. Peters*, 249 F.3d 433, 444 (6th Cir. 2001). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

---

[1] Petitioner attached an opinion from the Kentucky Supreme Court to his petition (DN 1-1, *Long v. Epley, et al.*, No. 97-SC-545-MR (Ky. May 21, 1998). This opinion indicates that Petitioner pled guilty to these crimes on July 17, 1979. It then states: "The record is contradictory as to whether [he] pled guilty or stood trial on the murder charge, but it appears he was adjudged guilty. He is now serving a sentence of life imprisonment."

Under Fed. R. Civ. P. 81(b), the writ of mandamus has been abolished. "Relief previously available through [writs of mandamus] may be obtained by appropriate action or motion under these rules." Fed. R. Civ. P. 81(b). "[U]nder 28 U.S.C. § 1651 (All Writs Statute) federal courts may issue all writs necessary or appropriate in aid of their respective jurisdictions, including writs in the nature of mandamus." *See Haggard v. Tennessee*, 421 F.2d 1384, 1385 (6th Cir. 1970). However, "[i]t is settled that a federal court has no general jurisdiction to issue writs of mandamus where that is the only relief sought." *Id.* at 1386. Such is the case here. Petitioner seeks only mandamus relief. "In the absence of special statutory authority, [a federal court] can issue writs of mandamus only as ancillary to and in aid of jurisdiction otherwise vested in it." *Id*. While 28 U.S.C. § 1361 gives the district courts "original jurisdiction of any action in the nature of mandamus to compel an *officer or employee of the United States or any agency thereof* to perform a duty owed to the plaintiff" (emphasis added), Petitioner asks this Court to compel the Commonwealth of Kentucky to perform an act. The Commonwealth is not an officer, employee, or agency of the United States.

Moreover, because Petitioner is requesting that his indictment be quashed, which would in turn invalidate his conviction, the requested relief is more in the nature of a habeas matter than mandamus. *See Bolt v. Caruso*, No. 06-14507, 2008 U.S. Dist. LEXIS 40845, at *10 (E.D. Mich. May 22, 2008) ("All of the relief that the petitioner seeks is based entirely on the invalidity of his state court convictions and sentences. None of that relief can be granted through mandamus. The petitioner must seek a writ of habeas corpus. . . ."). Petitioner has previously sought federal habeas review of his Logan Circuit Court conviction. *Long v. Seabold*, No. 1:03-cv-P206-R (W.D. Ky. Apr. 12, 2004) (DN 3) (noting that Petitioner has filed over 47 habeas cases challenging the validity of his Logan Circuit Court conviction). Under 28 U.S.C.

§ 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Consequently, absent authorization from the Sixth Circuit, this Court is without jurisdiction to entertain any habeas request. *See also Brennan v. Wall*, 100 F. App'x 4 (1st Cir. 2004) (observing that courts have regularly held that 28 U.S.C. § 1651 may not be used to evade the strictures of § 2254); *Halliburton v. United States*, 59 F. App'x 55, 57 (6th Cir. 2003) (holding that a federal prisoner could not use the All Writs Act to circumvent the AEDPA's prohibition against the filing of a second or successive motion to vacate sentence brought under 28 U.S.C. § 2255); *Johnson v. MacLaren*, No. 15-10668, 2015 U.S. Dist. LEXIS 47821, at *304 (E.D. Mich. Apr. 13, 2015) (holding that § 2254 and not § 1651 was the proper mechanism for the petitioner to challenge the constitutionality of his state conviction).

Thus, because the Court is without jurisdiction to grant the relief requested, the action will be dismissed by separate Order.

Date: July 30, 2019

Greg N. Stivers, Chief Judge
United States District Court

cc: Petitioner, *pro se*
 Respondents
 Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals, 1024 Capital Center Drive, Frankfort, KY 40601
4416.011

3